**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Shirley Hammer, Respondent,

v.

Howard Hammer, 1634 Main, LP, Alvin Hammer; SH5, LLC; SH4, LLC; SH3, LLC; HASCI, LLC; D&M Chateau, LLC; Heart of Columbia, LLC; Alvin J. Hammer, as Personal Representative of the Estate of Eleanor Bernstein Hammer; Joye Elizabeth Life Estate; Stanley Hammer; Department of the Treasury-IRS; Chateau DeVille Association, Inc. and/or Chateau DeVille Horizontal Property Regime; David H., a minor under the age of 14, Defendants,

Of Whom,

Howard Hammer is the Appellant.

Appellate Case No. 2015-000945

———————

Appeal From Richland County
The Honorable Joseph M. Strickland, Master-in-Equity

———————

Memorandum Opinion No. 2015-MO-053
Submitted September 4, 2015 – Filed September 4, 2015

———————

**AFFIRMED**

———————

Thomas Whatley Bunch, II, Esquire, of Robinson McFadden & Moore, PC, of Columbia, for Appellant.

Desa Ballard, Esquire, of Ballard & Watson, Attorneys at Law, of West Columbia, for Respondent.

---

**PER CURIAM:** The master's orders are affirmed pursuant to Rule 220(b)(1), SCACR. Respondent's motion to dismiss and supplemental motion to dismiss are denied as moot. Any petition for rehearing must be filed within five days of the date of this opinion, including Saturday, Sunday and any Holiday, unless the fifth day falls on a Saturday, Sunday or Holiday, in which case the petition will be due on the following business day. Pursuant to Rule 221(a), SCACR, petitions for rehearing are filed upon receipt by the appellate court. If a petition for rehearing is filed, respondent shall have two days to file a return, using the same method for calculating time as set forth for the petition. The same time limit applies to any reply.

By order of this same date, we have dismissed the remaining appeal of the master's orders.

We also take this opportunity to note that any potential appeal by appellant of the master's Order Approving Accounting in the supplementary proceedings in Case Nos. 2009-CP-40-05911 and 2010-CP-40-2889 would have no bearing on respondent's sale of real property located at 1634 Main Street in Columbia, South Carolina. Further, we remind appellant that the language of the master's order in those supplementary proceedings specifically states that appellant shall not interfere with the sale of 1634 Main. Any interference by appellant personally, or through his counsel or any other representative, in the sale of the property places him at risk of being held in contempt.

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**